Paul A. Fmo, Sr., J.
Plaintiffs, by the Attorney-General of the State of New York, move for a preliminary injunction restraining the individual defendants, pendente lite, from selling or offering for sale interest or investments in real estate without first following the procedures required by section 352-e of the General Business Law relative to the filing of offering statements or prospectuses with the Department of Law of New York State. Other related relief is also sought, restraining said defendants temporarily from selling or offering for sale co-operative interest in realty, or interests which movant claims are tantamount to co-operative interests in realty (though defendants contest this characterization) without first complying with the above-cited procedures, and from seeking to evict any present occupants of apartments, the interest therein which has been acquired by any sale improperly effected, whether the application be by the individual defendants or others who received their interests as part of the alleged scheme and plan followed by the individual defendants. The defendant Administrator of the Housing and Development Administration is joined for the purpose of similarly restraining him from processing applications for certificates of eviction filed by defendants or those in privity with them.
Plaintiffs claim that the individual defendants entered into a scheme to take advantage of an apparent inconsistency in the rent control laws particularly pertinent to various neighborhoods. Section 55 (subds. a, b) of the New York City Bent, Eviction and Rehabilitation Regulations has been interpreted to permit an owner of a building containing 12 or less units to evict any tenant therein to obtain an apartment for the owner’s *173 own use; and two such evictions per building are permitted. Apparently those buildings commonly known as “ brownstones ” contain 12 or less units. Thus a group of co-owners are able, through joint ownership, to virtually or actually evict all tenants. If, however, these joint owners enter into an agreement or arrangement between themselves which may be properly characterized as a “ cooperative ” they become subject to other statutes. Sales of co-operative interests in realty must be the subject of a registration with the Department of Law under section 352-e of the General Business Law; and evictions of tenants by owners of co-operative interests may be had only upon compliance with the procedures of section 55 (subd. c) of the rent regulations. These require offering of the units first to the tenants and obtaining of consent to purchase apartments from 35% of the tenants of rent-controlled apartments.
Ooncededly the individual defendants did not comply with either of the statutes. They assert, however, that compliance was not required for their actions did not fall within the purview of the statutes and did not constitute the sale of participations or interests in realty or the sale of co-operative interests in realty.
Plaintiffs assert that defendants, acting in concert and as promoters, interested others to purchase interest as tenants in common in six brownstones in the “ Gramercy Park” area of Manhattan. Defendants Stapleton and Skoog were involved, as purchasers or otherwise, in three of these buildings, the other interests having been acquired by others. Defendant Hyman, individually or through a nominee in some cases, together with his attorney, was involved in one of the buildings above noted and in three others. It further appears that in some instances there was public solicitation of purchasers in these buildings.
At this stage, issuance of the preliminary injunction sought is not dependent upon absolute proof of defendants’ improper actions. Defendants contend that their actions were taken merely to obtain satisfactory living quarters for their own use. If this be the case, issuance of the injunction would not prejudice them, for they have alleged no need to seek additional quarters. On the other hand, denial of the injunction, insofar as proscription of further solicitation or evictions is concerned, would prejudice the public if defendants’ acts are ultimately determined to be within the scope of the statute and continued sales without making the required disclosure are permitted.
*174 A sufficient case has been made out for characterization of the entities as co-operatives as a matter of law (see Woods v. Krizan, 176 F. 2d 667, 669; Woods v. Petchell, 175 F. 2d 202, 207), considering the remedial nature of the statutes and their purposes (see People v. Gadplaz Sponsors, 69 Misc 2d 417, and cases therein cited; Weber v. Altman, N. Y. L. J., Sept. 22,1970, p. 2, col. 1). The motion is accordingly granted as to the named defendants.