■ In the Matter of CHEONG YUNG MOY, Respondent, v. CITY OF NEW YORK HOUSING AND DEVELOPMENT ADMINISTRATION, DEPARTMENT OF RENT AND HOUSING MAINTENANCE, Appellant. In the Matter of SEI HEE MOY, Respondent, v. CITY OF NEW YORK HOUSING AND DEVELOPMENT ADMINISTRATION, DEPARTMENT OF RENT AND HOUSING MAINTENANCE, Appellant.— In each of two proceedings pursuant to article 78 of the CPLR to compel appellant to issue a certificate of eviction with respect to an apartment (a separate apartment as to each petitioner, in one building), the appeals are from the two judgments (one in each proceeding) of the Supreme Court, Kings County, both entered November 2, 1973, each of which directed that a certificate of eviction shall be issued unless the respective tenant shall offer to purchase a one-fourth interest in the building, at a stated price and terms. Appellant had made separate determinations, both dated June 4, 1973, affirming orders of its District Rent

Office denying petitioners' applications for certificates of eviction. Judgments reversed, on the law, determinations confirmed and proceedings dismissed on the merits, without costs. Each petitioner purchased a one-fourth interest in the subject building, with the right to a specific apartment. The evidence clearly establishes (and petitioners concede) that petitioners are parties to the creation of a *de facto* co-operative. Subdivision c of section 55 of appellant's Rent, Eviction and Rehabilitation Regulations sets forth specific procedures that must be followed before a certificate will be issued for the eviction of a tenant occupying a rent controlled apartment in premises owned by a co-operative association. At bar, there was no compliance with subdivision c of section 55. The attempt by petitioners to obtain certificates of eviction without compliance with subdivision c, by means of the establishment, participation in and utilization of a *de facto* rather than *de jure* co-operative, cannot be countenanced, because it would deprive the tenants of the controlled apartments of the carefully prescribed procedures designed to provide them with a written, concrete overview of the co-operative plan, its timetable and the consequences to them of their decisions. Thus, appellant's determination that the issuance of certificates under the circumstances herein would be inconsistent with the Rent Act and the Rent Eviction and Rehabilitation Regulations, and would likely result in a circumvention or evasion thereof, has a rational basis in the record and is in accord with law (*Weber* v. *Altman*, N. Y. L. J., Sept. 22, 1970, p. 2, col. 1; *Rubinstein* v. *Altman*, N. Y. L. J., Feb. 10, 1972, p. 18, col. 6; see *Matter of Tombini* v. *Berman*, 31 A D 2d 467, affd. 25 N Y 2d 936; *People* v. *Hyman*, 70 Misc 2d 171). Gulotta, P. J., Martuscello, Shapiro, Christ and Benjamin, JJ., concur.