Arnold Guy Fraiman, J.
This is a CPLR article 78 proceeding brought by two of three co-owners of a small apartment building to review a determination of the Department of Rent and Housing Maintenance which denied their applications for certificates of eviction. Petitioners, with a third person, are the owners as tenants in common of the premises known as 154 Ninth Avenue, New York City. Each petitioner applied separately for a certificate of eviction pursuant to subdivisions a and b of section 55 of the city Rent, Rehabilitation and Eviction Regulations, seeking possession of the second and third-floor apartments for their own personal use and occupancy. Respondent commissioner denied their applications on the ground that they were members of a co-operative association and that they had failed to comply with subdivision c of section 55 of the regulations which provides rent-controlled tenants with an opportunity to participate in a cooperative venture.
The facts are undisputed. The premises in question are a rent-controlled building containing three residential apartments, one on each floor, and a store. On January 10, 1975 petitioners Sperrazza and Schiller, and one Robert Anderson, all of whom are friends, acquired title to the premises from the estate of one Ethel Burns. The deed specifically provided that the purchasers took title as tenants in common. They shared equally in the purchase price. The day before they took title, petitioners and Anderson entered into an agreement for the purpose of defining their respective interests in the building they had contracted to buy. After realleging that they were taking title as tenants in common, they agreed that they would share equally in the expenses and income from the property, and that if any of them occupied an apartment in the building they would pay a rental to be agreed upon. The selection of the apartments was to be decided upon between the parties. In the event any of them wished to sell his interest in the property, the co-owners were to have a first option to purchase it, and in the event of the death of any of. the co-owners the interest of the deceased was to be conveyed to the surviving parties.
At the time the petitioners and Anderson took title, the *6 ground floor apartment was vacant and the other two apartments were occupied by rent-controlled tenants. Anderson immediately began to renovate the ground-floor apartment with the intention of occupying it himself, and on February 14, 1975 petitioner Sperrazza applied to the Central Eviction Unit of the Department of Rent and Housing Maintenance for a certificate of eviction of the tenant occupying the second-floor apartment and petitioner Schiller made a similar application with respect to the third-floor apartment. Each sought the apartment for his own personal use and occupancy. Petitioners’ applications were denied by the Director of the Central Eviction Unit on October 9, 1975 and thereafter, on October 28, petitioners filed individual protests against the orders of denial. The protests were consolidated by respondent commissioner and on February 4, 1976 he issued a single order denying them. The basis for respondent’s determination, as set forth in his order and opinion, was that petitioners and Anderson were not tenants in common but were members of a co-operative association, and that as such, they were required to comply with subdivision c of section 55 of the regulations, which they had concededly not done.
Petitioners now challenge that determination on the ground that it was arbitrary and capricious and incorrect as a matter of law. The petition must be granted. There is no evidence to support respondent’s determination that petitioners formed or intended to form a co-operative association and his determination to that effect must be set aside as arbitrary and capricious and contrary to law. As tenants in common, petitioners were entitled to possession of individual apartments in the subject premises for their own use and occupancy, pursuant to subdivisions a and b of section 55 of the regulations, and their applications for certificates of eviction should have been granted.
Subdivision a of section 55 provides that where the building involved consists of 12 or less apartments and the landlord does not reside in the building and he seeks in good faith to recover possession of one of the apartments for his own personal use and occupancy, a certificate of eviction "shall be issued.” Subdivision b of section 55 provides that where the building contains more than two apartments and it is owned by two or more persons not constituting a co-operative corporation or association, only two certificates of eviction will be issued to permit owner occupancy.
*7 In the instant case, petitioners have clearly complied with the foregoing provisions. The building contains less than 12 apartments. Each petitioner, as a co-owner, seeks possession of an apartment for his own personal use and occupancy. Their good faith is not questioned. And if the two certificates of eviction here sought are issued, they will be the only certificates issued to permit owner-occupancy in the building.
It is respondent’s contention that formal indicia of corporate co-operative ownership are not required in order to make applicable the provisions of subdivision c of section 55 of the regulations, inasmuch as that section applies by its terms to both a "cooperative corporation” and a "cooperative association.” Accordingly, he argues that subdivision c of section 55 applies equally to de facto as well as to de jure co-operatives, relying upon Matter of Cheong Yung Moy v City of New York Housing & Development Administration (45 AD2d 757) and Weber v Altman (NYLJ, Sept 22, 1970, p 2, col 1). The court does not disagree with that contention, but here there was no rational basis in the record before respondent for him to have concluded that petitioners and Anderson had formed a de facto co-operative. Respondent relies upon three cases in which the courts have upheld the commissioner’s denial of certificates of eviction on the ground that petitioners were de facto co-operatives required to comply with the provisions of subdivision c of section 55 and had failed to do so. However, each is clearly distinguishable. In Matter of Cheong Yung Moy (supra), each of the two petitioners purchased a one-fourth interest in the subject building, with the right to occupy a specific apartment. There is nothing in the record to indicate that they took title as tenants in common and they conceded that they were parties to the creation of a de facto co-operative. Here, petitioners vigorously deny that they formed or intended to form a de facto co-operative. On the contrary, their deed indicated that they took title as tenants in common and the nature of their relationship was reiterated in their January 9, 1975 agreement. Nor is there anything in that agreement inconsistent with a tenancy in common. Finally, neither in the contract of sale, deed of purchase or January 9 agreement were petitioners or Anderson given the right to occupy a specific apartment.
Weber v Altman (supra) involved a building with five apartments. Through a series of purchase and sale agreements, petitioner and three others took title to various percentage *8 interests in the building from its original corporate owner. In their purchase agreements, each party was granted exclusive possession of a specific apartment. Further, the petitioner and the other co-owners all agreed that when all the interest of the original corporate owner had been sold, they would convey their respective interests to a co-operative corporation which would issue stock to them in proportion to their fee interests, and each would be furnished with a proprietary lease. On these facts the court drew the only conclusion possible: that petitioner and her co-owners intended to form a co-operative association and that they therefore came within the provisions of subdivision c of section 55. No such intention was ever manifested by petitioners in the instant case. And to reiterate, specific apartments were never allocated to petitioners herein in connection with their purchase of the building.
Finally, respondent relies upon People v Hyman (70 Misc 2d 171), but that case involved six separate buildings owned by defendants who publicly solicited the purchase of apartments, and is in no way applicable here.
The court is cognizant that respondent must be diligent in his efforts to protect tenants from the often ingenious methods employed by landlords to escape or avoid the mandates of subdivision c of section 55. In that connection, respondent is not required to accept at face value the representations of co-owners, but instead may look behind them to ascertain whether they have formed a de facto co-operative. Nevertheless, it is the opinion of the court that the facts in the instant case are exactly what were contemplated by the city council in enacting subdivisions a and b of section 55. It is difficult to conceive of a clearer set of facts warranting the applicability of those sections: petitioners and Anderson, acting in good faith, purchased as tenants in common a building with three apartments with the intention of each occupying one as yet undesignated apartment for his own personal use. And at the time of the two applications for eviction herein, no tenant in the building has been previously evicted for the purpose of owner-occupancy.
For all of the foregoing reasons respondent’s order of February 4, 1976 is revoked and he is directed to issue the certificates of eviction heretofore applied for by petitioners. Settle judgment.